P. M. Krall v. Commissioner.
Krall v. Commissioner
Docket No. 110347.
United States Tax Court
1943 Tax Ct. Memo LEXIS 383; 1 T.C.M. (CCH) 832; T.C.M. (RIA) 43148; March 29, 1943
*383 Thomas E. Joyce, Esq., and John W. Rader, C.P.A., 620 Commerce Bldg., Kansas City, Mo., for the petitioner. Angus R. Shannon, Jr., Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves a deficiency of $2,239.69 in petitioner's income tax for 1938. The only question for our determination is whether the income from a fractional interest in an oil and gas lease is taxable to petitioner or to his wife. [The Facts] Petitioner is a resident of Kansas City, Kansas. The record does not show where his income tax return for 1938 was filed. Petitioner purchased in 1935 a one-fourth undivided interest in an oil and gas lease known as the "Sophia Wendel lease" for $1,000 which he paid in cash with his own funds. The purchase was made through G. K. Harris, an acquaintance of petitioner's, who also lived in Kansas City. Petitioner told Harris at the time of the purchase that he was buying the leasehold interest for his wife, Rosamond Ward Krall. Petitioner had previously talked the matter over with his wife and had told her that he was going to purchase an interest in the lease in her name and for her own use. Title was taken in the name of "Dr. P. M. *384 Krall or Rosamond Ward Krall (wife)." Petitioner's attorney had advised that that be done so as to avoid legal complications in the event that either petitioner or his wife should die before production had commenced on the lease. In January, 1936, all of the owners of the lease agreed to assign one-half of their interests as consideration for the drilling of a test well on the leased premises. Pursuant to this agreement petitioner and his wife, on January 13, 1936, executed an assignment of the onefourth interest then standing in their names to Harris who assigned back to them a two-sixteenths interest. Petitioner had instructed Harris at the time to make the assignment to his wife only, but for some reason, which Harris could not explain, this was not done and the assignment was made, as formerly, in the name of P. M. Krall or Rosamond Ward Krall. A producing well was later drilled on the leased premises and the "oil run" was purchased by the Skelly Oil Co. A "division order" was signed by the beneficial owners of the lease on June 24, 1936, which showed Rosamond Ward Krall entitled to an 8/64ths "Working Interest" in the lease. This division order was signed by petitioner and *385 his wife with others as "the legal owners of all oil produced" on the lease. Petitioner and his wife in 1937 borrowed $4,000 from the Victory State Bank of Kansas City, Kansas, and pledged their interest in the lease as security for the loan. The bank required the petitioner to execute a blank assignment of his interest in the lease, if any, as a condition of the loan. The borrowed funds were used to purchase a farm, title to which was taken in the name of petitioner's wife. The loan was all repaid by petitioner out of his own income from the practice of medicine. All of the income from the production of oil to which Rosamond Ward Krall was entitled under the division order was paid to her by checks of the Skelly Oil Co. The checks were all made out in her name. She endorsed them herself and deposited them in her own bank account. She filed an income tax return for 1938 in which she reported income from the oil lease of $9,903.65. The respondent has determined that this income is all taxable to petitioner. The correctness of that determination is the only question for us to decide. [Opinion] We find as a fact, on the evidence before us, that petitioner's wife and not petitioner *386 was the owner of the leasehold interest described above. The evidence is undisputed that petitioner intended from the beginning that the interest in the lease should be the property of his wife, although title was taken in their joint names. Prior to the taxable year 1938, if not sooner, petitioner had made a completed gift to his wife of all of his interest in the lease. This is evidenced by the division order in which it was agreed that petitioner's wife was entitled to all the income from her two-sixteenths interest. The facts here closely resemble those in ; affirming (reversed on another point, . In that case the taxpayer assigned to his wife his "interest, income or rights" under a contract which entitled him to one-third of the income from the operation of certain oil properties held under lease. The court held that the assignment was a gift to the wife of all the taxpayer's interest in the contract and that the income from the contract was therefore taxable to the wife, citing , *387 and other like cases. The cases of ; , and a number of similar cases relied upon by the respondent, were distinguished on their facts. In that category, also, are ; ; , since decided and relied upon by the respondent in the instant case. Decision will be entered under Rule 50.